**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALEJANDRO FERRER TAMAYO,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Otero County Processing Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 2:26-cv-3135-MIS-LF

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Alejandro Ferrer Tamayo Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 21, 2026. The Petitioner is a citizen of Cuba, who has resided in the United States for some time. Pet. at 1. On February 22, 2021, an Immigration Judge ordered him removed and Petitioner did not appeal the Order, making it administratively final. Id. at 4; EOIR. On March 8, 2025, United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody, where he has remained ever since. Pet. at 4. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at 1. Petitioner argues that his removal is not reasonably foreseeable

in that he has remained in detention for over a year and because it is unlikely he could be removed to Cuba. Id. at 6. Petitioner argues that his prolonged detention violates his Fifth Amendment right to due process. Id. at 6-7. He seeks immediate release from detention. Id. at 7.

On September 22, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holdings in *Zadvydas v. Davis*, 533 U.S. 678 (2001) or *Mardanpour v. Warden*, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." Id.

On October 2, 2026, the federal Respondents filed an "Response [to the] Petition." ECF No. 6.[1] Therein, they state:

> For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security.

Id. at 1 (citing 8 U.S.C. § 1231(a)(3); 8 C.F.R. §§ 241.4, 241.5, 241.13(h), 241.14; and Zadvydas v. Davis, 533 U.S. 678, 700 (2001)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

Accordingly, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to

present sufficient evidence to rebut that showing. See generally ECF No. 6. As such, the Court further finds that Petitioner's continued, indefinite detention violates the Fifth Amendment's Due Process Clause, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Alejandro Ferrer Tamayo from custody/detention, subject to reasonable conditions of supervision under 8 U.S.C. §1231(a)(3);
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded, or (2) concrete travel plans to remove Petitioner from the United States; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE